**Buck HANEY, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 4991.**

United States District Court
E. D. Texas,
Tyler Division.

Jan. 16, 1970.

Buck Haney, petitioner, pro se.

Charles T. Rose, Asst. Atty. Gen., Austin, Tex., for respondent.

## ORDER

JUSTICE, District Judge.

On November 13, 1953, a two-count indictment was returned against the petitioner in the District Court of Angelina County, Second Judicial District of Texas. On November 23, 1953, petitioner plead guilty to one count of the indictment, robbery by assault, and was sentenced by the judge presiding, the Honorable H. T. Brown, to twenty-three years' imprisonment. After exhausting all available state post-conviction remedies, petitioner filed his application for the writ of habeas corpus in this court. In his application, the petitioner contends that he was denied due process of law, in violation of his rights under the Fourteenth Amendment, in that he did not have effective assistance of counsel at the time his plea of guilty was entered. Specifically, he maintains that the attorney appointed for him by the court at his arraignment was charged with the duty only of advising petitioner of his legal rights and was under no obligation or duty to represent him at his trial, if the petitioner had chosen to plead not guilty.

The records of the state proceedings indicate that at the arraignment on November 23, 1953, Judge Brown appointed Edward T. McFarland, Esquire, of Lufkin, Texas, to represent the petitioner. The order signed and entered by Judge Brown states:

"* * * it has been made known to the court that [petitioner], * * * desires to enter a plea of guilty and waive the right to a trial by jury, and it appearing to the court that he has no attorney, Edward T. McFarland, a practicing attorney of this court, is *appointed to represent the defendant in the above cause.*" (Italics added.)

The handwritten docket entry pertaining to the formal order gives some indication of the nature and extent of the representation required by the court to be afforded petitioner. It prescribed that Mr. McFarland was "to advise with defendant as to his legal rights."

From the evidence presented at the hearing on petitioner's application for the writ of habeas corpus, it appears that immediately upon his appointment, Mr. McFarland consulted with petitioner and informed him of "his right to a trial by jury, and that he would not be required to plead guilty if he didn't so desire, and the usual rights." It is obvious, however, that at no time was the petitioner told that, if he chose to plead not guilty, he would be represented by counsel at his subsequent trial.

At the hearing, testimony was also developed concerning procedures generally in effect in Texas district courts at the time of petitioner's conviction relating to appointment of counsel for indigent defendants in ordinary felony cases. Mr. McFarland testified that, in that pre-*Gideon*[1] era, it was not infrequent for a defendant who elected to plead not guilty at his arraignment to be put to the task of defending himself that same day or the day following. It was also shown that an indigent defendant was not given the assistance of counsel at his trial, as distinguished from his arraignment, unless the trial court made known its desire that a particular defendant be represented at the trial (and "imparted that feeling in a very firm manner") or unless the attorney himself held strong convictions about the case and volunteered to represent the accused.

The Sixth Amendment to the Constitution of the United States provides that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense. In Powell v. Alabama, 287 U.S. 45 (1932), 53 S.Ct. 55, 77 L.Ed. 158, a state prosecution, the failure of the trial court to make an effective appointment of counsel for indigent defendants in a capital case was held to be a denial of due process within the meaning of the Fourteenth Amendment. Thirty years later, in Gideon v. Wainwright, supra, the right of representation by counsel was extended to defendants in all state criminal cases of the grade of felony. This right was held retrospective in its operation in Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964). See also Pate v. Holman, 341 F.2d 764, at 776 (5th Cir. 1965).

It is clear from the evidence adduced at the hearing that Mr. McFarland would have felt no obligation to further represent and defend petitioner, if he had chosen to plead not guilty at his arraignment—a feeling which would have been shared generally by Texas judges and attorneys at that period in the history of Texas jurisprudence. It is likewise without dispute that he did not feel obliged to, and did not, inform the petitioner that he had the right to the assistance of appointed counsel at a subsequent trial. The effective assistance of counsel made mandatory on the states by *Powell* and *Gideon*, however, required the representation of the accused "at every step in the proceedings against him." It follows that it was not sufficient to appoint counsel for the arraignment only. Moreover, without knowledge of his rights, petitioner could not effectively have waived his right to plenary representation by counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1961).

Therefore, it appearing that petitioner was denied representation of counsel in violation of his rights under the Constitution of the United States, an order will be entered granting petitioner's application for the writ of habeas corpus.

1. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962).

The court will stay entry of the order granting the writ for a period of thirty days, in order to enable the State to initiate proceedings to re-try petitioner or to appeal.