**Ex parte Willie James PERRY.**

**No. 42980.**

Court of Criminal Appeals of Texas.

May 27, 1970.

James Wedding, Marshall, for appellant.

Charles Allen, Dist. Atty., Marshall, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. Willie James Perry, the applicant, seeks his release from confinement in the Department of Corrections where he is serving twelve sentences for burglary in the District Court of Harrison County.

A hearing was held before the Honorable John Furrh, Judge of the 71st Judicial District.

In the application for a writ of habeas corpus, it was alleged that the convictions were void, because the warning required in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not given him prior to his confessing and that he had inadequate counsel.

The record reflects that the trials were had in October of 1961 upon pleas of guilty, each for the offense of burglary with intent to commit theft. Perry was brought into the court in the morning the day he was tried, and in answer to the

docket call he informed Honorable Sam Hall, who was then the judge, that he wished to enter pleas of guilty. A pauper's oath and waivers of jury were filed. Mr. George Edwards of the Harrison County Bar was appointed in all twelve cases. Perry testified at the habeas corpus hearing that he conferred with appointed counsel for a few minutes before pleading guilty.

Perry also testified that before signing the confession he was not advised that he had a right to an attorney or that he could stop at any time he was giving the statement to consult with an attorney. On cross-examination he testified that he informed the judge that he intended to plead guilty that morning and did so that afternoon, and that after each indictment was read the court asked if he was pleading guilty because he was guilty and for no other reason, and he answered that he was. When asked if he had been in the penitentiary on 44 other burglaries he did not answer. Upon further questioning, he testified that he had an attorney and entered pleas of guilty in Wichita Falls, and further, that he had been before the judge some four or five times. It was never definitely shown how many times he had been convicted. He did admit that he was acquainted with some of the trial procedure.

■ Perry's reliance upon Miranda v. Arizona, supra, is misplaced, because it does not apply to confessions introduced in trials which began prior to June 13, 1966. Even if a retrial were had in his cases, the fact that the confession did not comply with Miranda would not prevent its introduction. Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253. See Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706. The confession concerning the burglaries which was introduced at the hearing contained the warning required by the then Article 727, V.A.C.C.P., and Perry admitted that he was warned accordingly.

In Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, delivered May 4, 1970, it was assumed that Parker's confession was inadmissible by having been a product of coercion. The Supreme Court of the United States, in an opinion by Mr. Justice White, held that "[e]ven if Parker's counsel was wrong in his assessment of Parker's confession, it does not follow that his error was sufficient to render his plea unintelligent and entitle him to disavow his admission in open court that he committed the offense with which he was charged." The Court further stated: "Parker's plea of guilty was an intelligent plea not open to attack on the grounds that counsel misjudged the admissibility of Parker's confession."

Applicant next contends that he had inadequate counsel.

Mr. Charles Allen, the district attorney, testified that Mr. Edwards was between sixty-five and seventy years of age when he represented the applicant and that he was appointed on numerous cases where an accused indicated at the docket call that he wished to enter a plea of guilty; and that Mr. Edwards was rather thorough in most instances with his interrogation of those desiring to plead guilty, and if a person indicated that he wished to enter a plea of not guilty, counsel would not have represented him.

The record further shows that Mr. Edwards had been a district attorney and had much experience in the practice of law. There was no testimony that he was incompetent, but it was shown that because of his poor eyesight he did not have the opportunity to brief and keep abreast with the current law and that he had not been appointed in cases where a contest was likely. Mr. Edwards had died before the habeas corpus hearing.

■ Assuming that the testimony of the applicant is true in that appointed counsel had talked to him only some three to five minutes, there is no showing that the plea of guilty was not intelligently and voluntarily made. Applicant had previously told

the judge he wanted to enter a plea of guilty. After the court appointed counsel, he again expressed a desire to enter a plea of guilty in writing.

■ Apparently, the only complaint concerning inadequacy of counsel was that no objection was made that the Miranda warnings were not given to him which was long before such warnings were required. There was no contention made that applicant was innocent of any of the twelve crimes alleged.[1] There is no contention that he was not properly admonished by the court, and there is no contention that he did not voluntarily enter his plea of guilty.

To the contrary, applicant had knowledge of criminal procedure; he had experienced many trials. He, by his own testimony, was out on parole at the time the offenses were committed, and that parole was revoked and he was taken from the penitentiary for trial. The application for the writ of habeas corpus was prepared by the applicant in his own handwriting, and it shows that he was capable of understanding the proceedings.

The applicant testified at the habeas corpus hearing that counsel told him if he had signed a confession, he might as well plead guilty. This is much like the case of McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970), where Dash, one of the petitioners, entered a plea of guilty after his court-appointed attorney said, "He did not stand a chance due to the alleged confession signed by him." Mr. Justice White, in speaking for the Court, stated:

"* * * His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either

under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable."

and

"In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession. * * *"

The judge at the habeas corpus hearing found that the applicant had inadequate counsel. At the time of his finding the cases of McMann v. Richardson, supra, and Parker v. North Carolina, supra, had not been decided. Applicant has not shown that his attorney was mistaken in any way about the admissibility of the confession. The only attempt was to show that the decision in Miranda v. Arizona, supra, handed down some five years after he was tried was not complied with.

■ There are some cases where there is no defense that can be logically asserted. Often a defendant (especially one with experience) wants to take his chance on lesser punishment and plead guilty. In such an instance, appointed counsel is under no duty to urge him to plead not guilty. Counsel should consult with an accused in an attempt to determine if there is a tenable defense that can be raised. If there is none and it is concluded that pleading not guilty would be harmful instead of beneficial, counsel should so advise the defendant.

There has been no showing in this record that counsel made any error in judgment or in the law or that he was inadequate or ineffective.

The relief sought is denied.

1. The applicant was asked if he committed the crimes as alleged. He did not want to answer the question and was not required to do so.