**Ex parte Clyde D. SMITH.**

**No. 43849.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Murray J. Howze, Monahans, for petitioner.

Charles A. Allen, Dist. Atty., Marshall, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in

accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. Clyde D. Smith, the applicant, seeks his release from confinement in the Department of Corrections where he is serving a thirty-five year sentence for robbery in the District Court of Harrison County.

A hearing was held before the Honorable John Furrh, Judge of the 71st Judicial District.

In the application for a writ of habeas corpus, it was alleged, among other things, that the conviction was void because of inadequacy of counsel. The judge at the habeas corpus hearing found that the applicant was 18 years of age at the time the indictment was returned, was indigent and inexperienced in legal matters. He further found that applicant was not advised of his right to trial by jury nor of his right to file an application for probation.

The court also found that appointed counsel had been in an automobile accident some time before the trial and was incapacitated because of head injuries, and that he was ineffective and incompetent as an attorney under the circumstances. And, that the applicant received no advise from his court-appointed attorney, nor anyone else, with reference to his constitutional and legal rights in a criminal trial.

These findings were approved by the Honorable Charles Allen, the then District Attorney of Harrison County, and it was largely upon his testimony that such findings were based.

The Sixth Amendment to the Constitution of the United States guarantees the right to counsel. See Article I, Section 10, Texas Constitution, Vernon's Annotated Statutes.

In MacKenna v. Ellis, 280 F.2d 592 (5th Cir.), it was stated:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonable effective assistance."

See Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, and Fletcher v. State, Tex.Cr. App., 396 S.W.2d 393. Many cases could be cited to the same effect but would add nothing to our jurisprudence.

We conclude that the findings of Judge Furrh that applicant had ineffective assistance of counsel are supported by the evidence and that the conviction cannot stand.

The application for writ of habeas corpus is granted and the judgment of conviction is set aside. The applicant is ordered released from the Department of Corrections and delivered to the sheriff of Harrison County to answer to the indictment in Cause No. 19,322 pending against him in said cause.[1]

---

1. The court, in addition to finding ineffective assistance of counsel for many reasons, found that the convicting court permitted a "trial amendment" to the indictment where an initial of the injured party was changed. If the court is still of the opinion and holds that the indictment is invalid, attention is called to Article 21.07, V.A.C.C.P., which provides that the time of the pendency of an indictment shall not be computed in the period of limitation.