**Willie James PERRY**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**Civ. A. No. 5171.**

United States District Court,
E. D. Texas,
Tyler Division.

March 16, 1971.

Willie James Perry, pro se.

Crawford Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent.

### MEMORANDUM OPINION AND ORDER

JUSTICE, District Judge.

The petitioner, Willie James Perry, is incarcerated in the Texas Department of Corrections as a result of guilty pleas to twelve burglary indictments in the District Court of Harrison County, 71st Judicial District of Texas. The grounds upon which he seeks the writ of habeas corpus from this court, pursuant to 28 U.S.C.A. § 2241 et seq., may be enumerated as follows: (1) there was no probable cause for petitioner's confinement on the burglary charges; (2) his confession was coerced by phy-

sical and psychological brutality; (3) petitioner's guilty pleas were involuntary; and (4) he was denied effective assistance of counsel. The probable cause issue was raised explicitly for the first time at the evidentiary hearing in this court and hence is not ripe for consideration here. The basis on which I dispose of the petition makes it unnecessary to reach the difficult coerced confession question.

In reversing the trial court's granting of relief, the Court of Criminal Appeals of the State of Texas, mistakenly relying on McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), found it unnecessary to look behind the petitioner's guilty pleas. The present judge of the sentencing court, the Honorable John D. Furrh, had granted relief on the basis that the petitioner did not have adequate and competent counsel. Though for somewhat different reasons, I likewise find that petitioner was denied the most fundamental ingredient of criminal justice, the right of counsel guaranteed by the Sixth Amendment.

At some time between the 8th and 10th days of August, 1961, the petitioner was arrested by police in Marshall, Texas. On August 12, 1961, he signed a statement confessing to twelve burglaries. On September 14, 1961, indictments were returned against him as to all twelve burglaries. On October 9, 1961, he appeared before the Honorable Sam B. Hall, Sr., then Judge of the District Court of Harrison County, pleaded guilty to all twelve indictments, and was sentenced to sixty years' confinement in the Texas Department of Corrections. While both the Assistant District Attorney, R. P. Watson, Jr., Esquire, who prosecuted him, and George W. Edwards, Sr., Esquire, the attorney appointed to defend him, are now deceased, a rather clear picture of the petitioner's day in court emerges from the testimony of the petitioner and of Charles Allen, Esquire, who was the District Attorney at the time of petitioner's trial.

█ Allen testified that it was the invariable practice of Judge Hall, at each call of the criminal docket, to read the names of the defendants scheduled for arraignment, to determine: (1) whether they had attorneys; (2) if not, how they wished to plead; and (3) whether there was need to appoint attorneys for them. When this was done on October 9, 1961, petitioner indicated that he intended to plead guilty and that he was financially unable to employ an attorney. Thereupon, Edwards was appointed by the court to represent petitioner.

It was also Allen's testimony that Judge Hall frequently appointed Edwards to handle guilty pleas. At the date of Perry's trial, Edwards was between 65 and 70 years old, had poor eyesight, and was debilitated by injuries sustained in an automobile accident. While Edwards was a former District Attorney, it was Allen's further testimony that Edwards did not keep abreast of current legal developments and had no law office or library. He was, in effect, retired because of age and infirmity.

Petitioner testified that Edwards consulted with him for no more than five minutes around 1:54 P.M. on October 9, 1961, after which petitioner's pauper's affidavit was filed, and he was put to trial. While there is no transcription of the testimony adduced at the trial, and there is some doubt as to whether either of the two deputy sheriffs who obtained petitioner's confession or any other witness testified, it is agreed that petitioner's confession was introduced at his trial. This was done, presumably, to conform to the requirement of Article 1.15 of the Vernon's Ann.Texas Code of Criminal Procedure (then Article 12 of the 1925 codification) that "it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment * * * "

Allen testified, additionally, that if Perry had decided to plead not guilty, another attorney would have been appoint-

ed for him and given at least ten days to prepare for trial, pursuant to Article 26.04(b) of the Texas Code of Criminal Procedure (then Article 494 of the 1925 codification).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." See Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) and Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). "In recognition of * * * [the] realities of modern criminal prosecution, * * * [the Supreme Court has] construed the Sixth Amendment guarantee to apply to 'critical' stages of the proceedings." United States v. Wade, 388 U.S. 218, at 224, 87 S.Ct. 1926, at 1931, 18 L.Ed.2d 1149 (1967).

> "The right to representation by counsel is not a formality. It is not a grudging gesture to a ritualistic requirement. It is of the essence of justice. Appointment of counsel without affording an opportunity for hearing on a 'critically important' decision is tantamount to denial of counsel." Kent v. United States, 383 U.S. 541, at 561, 86 S.Ct. 1045, at 1057, 16 L.Ed. 2d 84 (1966).

That principle has been applied to hold than an arraignment at which certain rights may be sacrificed or lost is such a critical stage. Hamilton v. Alabama, 368 U.S. 52, at 54, 82 S.Ct. 157, 7 L.Ed. 2d 114 (1961). Similarly a preliminary hearing at which a plea was taken has been held to be just as critical a stage. White v. Maryland, 373 U.S. 59, at 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

> "It is central to that principle [first enunciated in Powell and Avery, supra] that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." Wade, supra, 388 U.S. at 226, 87 S.Ct. at 1932.

While at the beginning of this trial at 1:54 P.M. on October 9, 1961, petitioner responded to the reading of each indictment by saying he was guilty, he actually had been called upon earlier to decide how to plead. For all practical purposes, this occurred at the docket call when he stated his intention to plead guilty. That petitioner's choice of how to plead was a critically important decision is clear beyond cavil. Not only did petitioner not have an attorney to assist in making that choice, but also his uncounseled decision resulted in the appointment of an attorney who, like that of the petitioner in Haney v. Beto, 308 F.Supp. 262 (E.D. Tex.1970), was charged with the duty only of advising petitioner of his legal rights and was under no obligation or duty to represent him at his trial, if the petitioner had chosen to change his mind and plead not guilty.

Moreover, while in dealing with some critical confrontations, such as the one at issue in Wade, the court is only required to "analyze whether potential substantial prejudice to defendant's rights inhere in the particular confrontation and the ability of counsel to help avoid that prejudice," Wade, supra, 388 U.S. at 227, 87 S.Ct. at 1932, nevertheless, in dealing with a critical confrontation which is effectively an integral segment of the trial, Hamilton, supra, 368 U.S. at 54, 82 S.Ct. 157 (Footnote 4), the court must "not stop to determine whether prejudice resulted." Hamilton, supra, at 55, 82 S.Ct. at 159, and White, supra, 373 U.S. at 60, 83 S.Ct. at 1051. This premise finds ample support in cases decided under the shadow of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942). After a lengthy quotation from Powell, supra, 287 U.S. at 69, 53 S.Ct. 55, 77 L.Ed. 158, concerning the rationale for the right of counsel, the Supreme Court noted that

> "[t]hose observations are as pertinent in connection with the accused's pleas as they are in the conduct of a trial. The decision to plead guilty is a decision to allow a judgment of conviction to be entered without a hearing—a

decision which is irrevocable and which forecloses any possibility of establishing innocence." Williams v. Kaiser, 323 U.S. 471, at 475, 65 S.Ct. 363, at 366, 89 L.Ed. 398 (1945).

In another case, it appeared to the Court that

"the trial court, without warning, and over petitioner's protests, forced him to plead to the information without the aid and advice of his counsel, whose presence he requested. This was a denial of petitioner's constitutional right to a fair trial, with the aid and assistance of counsel whom he retained. * * * The fact that petitioner pleaded guilty after the denial of his request for time to consult with his counsel, does not deprive him of his constitutional right to counsel." House v. Mayo, 324 U.S. 42, at 45–46, 65 S.Ct. 517, at 520, 89 L.Ed. 739 (1945).

And finally, the Court wrote that

"the facts in this case required the presence of counsel at petitioner's trial. He should not have been permitted to plead guilty without an offer of the advice of counsel in his situation." Uveges v. Pennsylvania, 335 U.S. 437, at 441–442, 69 S.Ct. 184, at 186, 93 L.Ed. 127 (1948).

The conclusive teaching of the above cases is that a person charged with a capital or other serious crime has an indefeasible right to be counseled by an attorney before he pleads.

"In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." Hamilton, supra, 368 U.S. at 55, 82 S.Ct. at 159, 7 L.Ed.2d 114.

Of course, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962), removed the restrictive limitation of Betts, supra, and extended the Powell principle to all state felony charges. And, Gideon was applied retrospectively in Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), which itself involved a guilty plea. See also United States ex rel. Durocher v. La-Vallee, 330 F.2d 303 (2nd Cir. 1964), cert. den'd 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964).

■ The opinion of the Court of Criminal Appeals reversing the granting of habeas corpus relief by the trial judge, the Honorable John D. Furrh, compares the instant case to McMann, supra. But the holding in McMann is much more limited than that ascribed to it by the Court of Criminal Appeals. Under McMann, a guilty plea induced by an allegedly involuntary confession is constitutionally impervious only (1) if the confession was not introduced at the trial, (2) the defendant had counsel at the time the plea was entered, and (3) the defendant's counsel did not commit gross error in advising defendant to plead guilty. There is no doubt that the contrary of the first two conditions existed in the instant case, and it is questionable whether Edwards was capable of rendering reasonably competent advice to petitioner.

■ Finally, there is an additional reason for granting this petitioner's application. The appointment of an attorney of Edward's caliber, rather than an active practitioner, to represent an indigent criminal defendant who was pleading guilty was a blatant denial of equal protection. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and the cases following it "have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." Roberts v. La-Vallee, 389 U.S. 40, at 42, 88 S.Ct. 194 at 196, 19 L.Ed.2d 41 (1967). See the concurring opinions of Justices Douglas and Brennan in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (March 2, 1971). Likewise, it should be undisputable that the sort of outright discrimination evidenced in this case, between indigent defendants who were pleading not guilty and those pleading guilty, cannot withstand constitutional

scrutiny when measured by the Equal Protection Clause.

"Nor is this Court at liberty to grant or withhold the benefits of equal protection, which the Constitution commands for all, merely as we may deem the defendant innocent or guilty. * * Equal protection of the laws is something more than an abstract right. It is a command which the State must respect, the benefits of which every person may demand. Not the least merit of our constitutional system is that its safeguards extend to all—the least deserving as well as the most virtuous." Hill v. Texas, 316 U.S. 400, at 406, 62 S.Ct. 1159, at 1162, 86 L.Ed. 1559 (1942).

Therefore, it is ordered that the petitioner's application for the writ of habeas corpus be, and it is hereby granted. But the execution of this order shall be stayed for thirty days to enable the State to institute proceedings to re-try petitioner or to appeal.