**Raymond BLACK**

v.

**Dr. George J. BETO.**

**Civ. A. No. A–70–CA–109.**

United States District Court,
W. D. Texas,
Austin Division.

April 21, 1971.

Roy Minton, Austin, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Tex., by Howard Fender, Austin, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Pursuant to 28 U.S.C. § 2241, 2254, Petitioner seeks habeas corpus relief from imprisonment following his December 6, 1965, conviction for the offense of murder. Under the provisions of Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure, Petitioner first applied to the convicting District Court of Burleson County. After a hearing, this court filed with the Texas Court of Criminal Appeals Findings of Fact and Conclusions of Law to the effect that "Petitioner is not lawfully confined by the State of Texas * * *." The latter court, however, denied relief, with Judge Morrison dissenting. Ex Parte Black, 457 S.W.2d 919 (Tex.Cr.App., June 24, 1970, rehearing denied, September 23, 1970).

Petitioner's appointed counsel originally filed a Motion for Witnesses to appear at an evidentiary hearing in this Court. At the hearing, however, counsel for both Petitioner and Respondent indicated that this matter could be determined on the basis of their argument and the record developed in the state courts. Because this Court believed it necessary that there be a more adequate development of certain material facts, and because of the presence of Petitioner at the hearing, the Court directed that the testimony and cross-examination of Petitioner proceed. Respondent objected to this procedure on the ground that 28 U.S.C. § 2254 requires a determination based solely upon the state court hearing. "In every case [the district judge] has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim." Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745,

760, 9 L.Ed.2d 770 (1963). Although the 1966 amendment to § 2254 did establish a presumption of the correctness of the state court factual finding, the statute continues to provide for a federal hearing where " * * * it shall otherwise appear, * * * (3) that the material facts were not adequately developed at the State court hearing; * * *." *See* Porter v. Sinclair, 389 F.2d 277 (5th Cir. 1967). Surely this Court is empowered to accept readily available testimony which is necessary to develop an adequate record on an important constitutional question.

■ That a defendant pleading guilty to a felony has a constitutional right to assistance of counsel was recognized in the landmark decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The courts have emphasized that such counsel must be effective, "not errorless counsel, * * * but counsel reasonably likely to render and rendering reasonably effective assistance." MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L. Ed.2d 78 (1961). Because of the finality attached to guilty pleas in its recent decisions, the Supreme Court has renewed earlier admonitions that defendants receive "reasonably competent advice" from counsel. "[I]f the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and * * * judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

Petitioner presents a classic case of ineffective assistance of counsel. Apparently Petitioner's first contact with his attorney occurred in jail on December 4, 1965, at which time the attorney sought employment. The attorney, Jack Simpson, was not hired at this time due to Petitioner's lack of funds. However, Mr. Simpson was appointed by the Court to represent Petitioner on the day of his trial, December 6, 1965. Simpson's consultation with Petitioner consisted solely of the brief discussion regarding employment on December 4, and the brief discussion just prior to the trial.

■ Pointing to the inadequacy of the latter consultation is the fact that Mr. Simpson handled nine other felony cases on December 6. "Of these nine defendants, six received prison sentences and three received probated sentences. These three were subsequently granted a new trial in which the cause was dismissed."[1] Dissent of Judge Morrison in Ex Parte Raymond Black, supra. Such a docket load might well render even an experienced attorney "ineffective", but Mr. Simpson's testimony indicates that he is without experience. Indeed, Mr. Simpson has never participated in the trial of a contested civil or criminal case in any court. Despite these circumstances, Mr. Simpson waived in writing the statutory ten days for preparation for trial.[2] Further indi-

---

1. Judge Morrison added:
   December 6th was not the only date on which Mr. Simpson represented numerous "guilty" defendants. On May 31, 1965, Mr. Simpson was appointed to represent six (6) felony defendants who plead guilty to a total of eight (8) crimes on that same day. Of particular interest are the cases of one Curtis Lacey who entered guilty pleas on two separate felony charges on May 31st while being represented by Mr. Simpson. In each of Mr. Lacey's cases, the court, on its own motion granted a new trial for the reason that Lacey was under the age of seven-

teen. These cases may be some indication of the amount of preparation involved in Simpson's practice of criminal law.

2. Some indication of the preparation which actually occurred in this trial is provided by Petitioner's description of his encounter with counsel on December 6. (Transcript at 16)
   Q. Did Mr. Simpson talk to you about your case?
   A. No, Sir.
   Q. What did he tell you to do?
   A. He didn't tell me anything. We sit there, and when we was talking he said,

cations of Mr. Simpson's ineffectiveness include his failure to protect the Petitioner's right to trial by jury,[3] and his failure to challenge the highly prejudicial prior conviction included in the indictment and the charge to the jury.

Considering its appropriate factual finding that Mr. Simpson "made substantially no investigation of the facts of the Petitioner's case, or of the law applicable to those facts," the convicting state district court correctly concluded at the hearing on habeas corpus application that:

4. The Petitioner, Raymond Black, was not represented by competent counsel at his trial in Cause Number 7391, and he was effectively denied his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

Where preparation is so nonexistent and client consultation so minimal, effective counsel is certainly not provided. *See* Roberts v. Dutton, 368 F.2d 465 (5th Cir. 1966); Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970). Nor does the record indicate that counsel investigated to determine whether the plea entered was made voluntarily and knowingly as required in Lamb v. Beto, 423 F.2d 85 (5th Cir. 1970). Indeed Mr. Simpson's testimony indicates that his brief discussion with Petitioner centered on the punishment to be imposed. The lack of preparation and non-analysis exhibited by Petitioner's counsel certainly justify habeas corpus relief on the ground of ineffective assistance of counsel.

Accordingly, it is ordered that the petition for habeas corpus be, and is hereby granted. Issuance of the writ and Petitioner's accordant discharge will be stayed for ninety (90) days to allow the State to re-try Petitioner, if it so chooses.

"Don't say anything."
Q. He told you not to say anything?
A. Yes, sir.
See also Petitioner's response on cross-examination at 22, 23.

3. See Judge Morrison's dissenting opinion, supra.