**Ex parte Walter LOVE.**

**No. 44353.**

Court of Criminal Appeals of Texas.

July 7, 1971.

Will Gray, Houston, for petitioner.

Vernard Soloman, Dist. Atty., Marshall, and Jim D. Vollers, State's Atty., Austin, for the State.

1. The habeas court found that Judge Hall would have assessed less than twenty-five years if he had not thought petitioner

OPINION

MORRISON, Judge.

This is a post-conviction habeas corpus proceeding in which the petitioner, Walter Love, seeks relief from confinement in the Department of Corrections. He attacks his conviction in Cause No. 19,658 from the District Court of Harrison County on May 31, 1962.

Following his guilty plea to the court, petitioner was convicted of robbery by assault and sentenced to twenty-five (25) years in the Department of Corrections. Petitioner attacks his conviction on the ground that he was denied effective assistance of counsel.

The record in the habeas corpus hearing reflects that petitioner and his co-defendant, Mary Pollard, alias Mary Love, appeared in court without counsel to enter their guilty pleas. At that time they made affidavits of indigency and the Court, the Honorable Sam B. Hall, appointed George Edwards, who is now deceased, to represent the pair. After approximately ten minutes of consultation with his two clients, the guilty pleas were entered. Mr. Edwards did not discuss the facts of the case with petitioner, as he said he was busy trying to get probation for Mary Pollard.

Although there were no written stipulations at the trial, the State, joined by petitioner and his counsel, offered an oral stipulation that, if the complaining witness were present he would testify that petitioner struck him over the head with some object and that petitioner and Mary Pollard robbed him while he was unconscious. Based on the theory that appellant assaulted the injured party, the trial court assessed petitioner's sentence at twenty-five years.[1]

After the trial, the complaining witness stated, by affidavit, that Mary Love hit him over the head with a bottle or some object, not petitioner.

assaulted the injured party, and this is supported by the record before us.

Particularly in regard to the issue of ineffective assistance of counsel, Charles A. Allen, who was on May 31, 1962 the Criminal District Attorney of Harrison County, testified that he was unable to locate the injured party at the time the case was set for trial; testified that he had known Mr. Edwards from 1954 until his death; that he did not maintain a law office and never briefed any legal questions; that his sole criminal practice consisted of representing defendants on pleas of guilty; that he was semi-retired and was not actively engaged in the practice of law; that he did not keep abreast of the law; and that he was neither competent to represent defendants on pleas of not guilty nor competent to give adequate advice on pleas of guilty.

Christine Price, the official court reporter of the District Court of Harrison County, both now and at the time of the trial, testified that she made no transcription of the reporter's notes on pleas of guilty in 1962; that Edwards was not an active practitioner and did not maintain a law office; that he never appeared in court except by court appointment on guilty pleas; that he had a serious automobile accident prior to 1962 and his forehead was partially "caved in" as a result.

The habeas corpus court found that petitioner's counsel had been injured in an automobile accident and that the injuries which resulted so seriously impaired his physical and mental faculties as to render his representation of a client during a trial ineffective.

As did the trial court, we must conclude that appellant's trial was a mockery of justice and a mere sham. Compare Williams v. Beto, 5 Cir., 354 F.2d 698, and the dissenting opinion in Ex Parte Black, Tex. Cr.App., 457 S.W.2d 919.

The writ of habeas corpus is granted, petitioner is ordered discharged from confinement, under this conviction, by the Department of Corrections and delivered to the sheriff of Harrison County, there to stand trial on the indictment pending against him.