Ex parte Ray Dean BARNES.

No. 45205.

Court of Criminal Appeals of Texas.

April 12, 1972.

————◆————

Melvyn Carson Bruder, Dallas, for petitioner.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is a post conviction habeas corpus proceeding in which the petitioner, an inmate of the Texas Department of Corrections, seeks relief from a judgment and sentence of fifty (50) years assessed after his conviction of the offense of robbery by assault in Cause No. F–21–58–J in Criminal District Court #3 of Dallas County.

Petitioner's application for writ of habeas corpus alleged, *inter alia*, that (1) he was denied the effective assistance of counsel during trial, and (2) that he was deprived of the effective assistance of counsel on appeal in that his court-appointed attorney did not file an appellate brief. The presiding judge of Criminal District Court # 4 of Dallas County, the Honorable John H. Mead, conducted a hearing and certified findings of fact and conclusions of law to this Court. See Article 11.07, Vernon's Ann.C.C.P. The trial court recommended that the petition had merit, and that the writ should be granted.

The record before this Court reflects the following:

Petitioner was indicted, along with three other co-defendants, for the offense of robbery by assault, such offense occurring on August 3, 1965. While petitioner was incarcerated in the Dallas County jail, unable to afford bond, one of his co-indictees, James Nettles, retained services of a local Dallas attorney. Nettles' counsel, the Honorable John T. Boyce, made an appearance, solely on behalf of Nettles, for the purpose of obtaining a trial date for his client. On October 6, 1965, the Honorable Joe B. Brown, presiding judge of the court at that time, set a trial date for Nettles, and also appointed Boyce to represent petitioner and the other two co-defendants.

On October 19, 1965, the date set for the joint trial, Boyce arrived late in court to find another judge sitting for Judge Brown, and also realized that the jury pan-

el for the trial had already been selected and seated.[1] Boyce immediately filed a written motion to sever in behalf of his client Nettles, and presented same to the visiting judge.[2] The substance of this motion to sever, even though filed in a belated manner, was apparently sufficient under the law to require severance, and the motion was granted. However, since the jury had already been selected, the judge decided that a trial be held. The judge then ordered that petitioner's trial would proceed immediately.

Attorney Boyce thereupon informed the court that he was unable to proceed with trial in behalf of the petitioner, since he had never talked to, or even seen, the petitioner before that date. He also informed the court that there might be a conflict of interest in his representation of petitioner since he had been retained by one of the other co-defendants. Counsel's protestations were overruled by the court, and according to Boyce's testimony, he was ordered to "go to trial or wind up in jail."

Petitioner's court-appointed attorney had never discussed the case with petitioner before the date of this trial. Boyce admitted that he had counseled with his client only about "two minutes" before the evidence began. There is no indication that Boyce knew any of the circumstances concerning the voluntariness of a confession which had been signed by the petitioner after his arrest. There is no indication that the attorney knew that petitioner had been put in a line-up wherein the complaining witness had attempted to make an identification. Boyce knew nothing about petitioner's background, and was not prepared to present any evidence.[3] The record is clear that Boyce had never talked to any of the prospective witnesses in this case prior to trial, other than his client Nettles, and that there was absolutely no attempt at the preparation of a defensive strategy. No application for probation was filed, and in fact, Boyce admitted that he did not know even whether the petitioner was eligible for probation consideration.[4] No attempts were made to negotiate any plea with the District Attorney's office for a lesser sentence.

The statement of facts of petitioner's trial, which covers only 36 pages, reflects that the State called only three witnesses to testify. No defensive cross-examination was conducted of two of these witnesses, and the cross-examination of the complaining witness covered less than three pages of the statement of facts. Even though the complaining witness admitted that he could not positively identify petitioner as one of the guilty parties, the cross-examination was very limited. There were no objections made *at any time* during this trial, not even when the confession was introduced into evidence. It appears that petitioner's attorney did not participate in the selection of the jury, nor did he request that the arguments of counsel be transcribed by the court reporter. There are no written or oral objections to the court's charge, and according to Boyce's testimony, he took absolutely no further action in regard to assisting petitioner with the appeal of this case. The record on appeal was approved by another attorney.

---

1. How a jury was picked without the presence of counsel, or the defendant, is an oddity to this Court. See Arts. 35.01–35.28, V.A.C.C.P.

2. Boyce indicated that the filing of his motion to sever was an appropriate tactic to postpone the trial of Nettles, indicating that he was unprepared to go to trial in this case.

3. In fact, petitioner's testimony during the trial indicated that his wife was not available to testify in his behalf since she could not be located within such short notice after the scheduling of his trial.

4. Petitioner's unrebutted testimony at trial revealed that he had never before been convicted of a felony offense, therefore he would have been eligible for probation in this case. See Art. 42.12, V.A. C.C.P.

Petitioner's testimony at the writ hearing reflected that an Assistant District Attorney talked to him several days before trial, in reference to a plea of guilty for a five-year recommended term. Of course, his attorney was not present for this negotiation. Petitioner mentioned to Boyce something about this arrangement, but only after the jury was selected, and only moments before the trial began. He indicated that he only "followed his attorney's advice," which in substance was to enter a plea of not guilty and to take the stand in his own defense.

Petitioner's testimony was the only defensive evidence submitted. He took the stand and immediately made a judicial confession to the effect that he had intended to help his co-defendants steal some money, but denied any knowledge of or complicity in the assault which later ensued.[5]

The jury, in this non-bifurcated trial, returned the verdict of guilty, and assessed a 50 year sentence on that date. On January 28, 1968, petitioner was formally sentenced, and notice of appeal was given.

On February 7, 1966, the different counsel was appointed to represent petitioner on appeal, and on May 3, 1966, a motion for new trial was filed, which alleged in substance that:

"Because John Boyce, defendant's attorney in said cause, was representing a client in a case arising out of the same transaction and whose interest was adverse to the defendant. Said attorney attempted to withdraw from defendant's case but the court refused to permit him to do so."

This motion was apparently overruled without a hearing, and the appeal was docketed in this Court as Cause No. 39,917. The appellant's brief prepared by counsel was not filed with the trial court, but filed directly *in this court,* on November 23, 1966. The failure of counsel to file this brief with the trial court, pursuant to the provisions of Article 40.09, Section 9, V. A.C.C.P., resulted in the appellant's brief being disregarded, except as to fundamental error. Only a per curiam opinion was written affirming this conviction. See Barnes v. State, 409 S.W.2d 849 (Tex.Cr. App.1966).

Presented with all of the above facts, the habeas court found that "there was a conflict of interest present since he (Boyce) had been retained to represent petitioner's co-defendant; and further that he had never spoken to the petitioner about his case and was totally unprepared to adequately represent petitioner"; and since . . . "said appointed attorney on appeal failed to timely file a brief on petitioner's behalf" . . . that petitioner was "deprived of the effective assistance of counsel, as guaranteed him by the Sixth Amendment to the Constitution of the United States, both at his trial and on appeal of his conviction."

We agree with the trial court's recommendation that the writ be granted. The record before this Court clearly indicates that the court-appointed counsel was physically unable, due to the surprise setting of the trial date, to represent his client in an effective manner. Such practices can not be condoned, and we conclude that this conviction can not stand. See Ex parte Larkin, 420 S.W.2d 958 (Tex.Cr.App. 1967); Ex parte Smith, 463 S.W.2d 185 (Tex.Cr.App.1971); MacKenna v. Ellis, 280 F.2d 592 (5th Cir.); Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App.1968); Ex parte Love, 468 S.W.2d 836 (Tex.Cr.App. 1971); Williams v. Beto, 354 F.2d 698 (5th Cir.); and the dissenting opinion in Ex parte Black, 457 S.W.2d 919 (Tex.Cr.App. 1970).

In light of our above holding that this petitioner was denied the effective assist-

---

5. Petitioner's testimony during trial obviously implicated him as a principal in the commission of the offense of felony theft. It would therefore appear that the acts of his co-defendants would have made him a principal to the crime of robbery by assault. See Art. 42, Vernon's Ann.P.C.

ance of counsel at trial, we need not comment further on the contention that he was denied the effective assistance of counsel on appeal.

The writ of habeas corpus is granted and the judgment of conviction is set aside. Petitioner is ordered released from the Texas Department of Corrections, to be delivered to the sheriff of Dallas County to answer the indictment in Cause No. F–21–58–J pending against him in this case.