### Ex parte Odell STAUTS.

### No. 45814.

Court of Criminal Appeals of Texas.

July 19, 1972.

James Wedding, Marshall (Court appointed), for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

MORRISON, Justice.

This is a post conviction habeas corpus proceeding in which the petitioner, Odell Stauts, seeks release from confinement in the Texas Department of Corrections. See Article 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted of burglary with his punishment enhanced under Arti-

cle 63, Vernon's Ann.P.C., in Cause No. 19,385, in the 71st District Court of Harrison County and sentenced to life on February 14, 1961.[1] No appeal was perfected in that cause.

The Honorable John Furrh, Presiding Judge of the trial court, conducted an evidentiary hearing, concluded that representation by counsel afforded the petitioner was "perfunctory, a pretense and without adequate opportunity for conference and preparation" and recommended that the writ be granted.[2]

The record reflects that George Edwards was appointed to represent the appellant on December 30, 1960. The petitioner testified that he met counsel, for the first time, moments before the trial began and that they never discussed the facts of the case. He testified that attorney Edwards advised him to plead guilty (to the mandatory life sentence) but that he refused and told counsel that he was not going "to cop out for no life." He also testified that during the trial Edwards made no objections and conducted no cross-examination, although there was testimony that the court admitted certain incriminating evidence which was discovered during a warrantless search of the petitioner's home. He further stated that counsel made no attempt to determine the validity of the habitual criminal indictment,[3] or to advise him of his right to appeal his conviction.

Christine Price, the official court reporter now and at the time of the trial, testified that Edwards was not an active practitioner and did not maintain a law office; that he appeared in criminal cases only by appointment, appearing on the day of trial; that Edwards, as a matter of course, did not make objections or cross-examine witnesses during trial; and that it appeared that Edwards had been involved in an automobile accident in which he had received some severe brain damage.

The Statement of Facts of petitioner's trial is not included in the record. We must, therefore, determine if the facts developed at the habeas corpus hearing support the trial court's conclusion. See Ex parte Young, Tex.Cr.App., 479 S.W.2d 45.

■ Initially, we note that the petitioner entered a plea of *not guilty* rather than *guilty*. See Ex parte Love, Tex.Cr.App., 468 S.W.2d 836, and Ex parte Perry, Tex. Cr.App., 455 S.W.2d 214. Petitioner's refusal to enter a guilty plea made it incumbent upon counsel to take an active role in the preparation of defensive strategy. See Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Ex parte Barnes, Tex. Cr.App., 478 S.W.2d 547. Edwards did not

1. The petitioner was originally convicted under the same indictment and sentenced to life on May 3, 1960, but his motion for new trial was subsequently granted because appellant was not represented by counsel at that trial. He remained in jail, unable to make bail, until February 1, 1961, the date of the second trial.

2. This is not the first time this Court has been called on to consider the caliber of this attorney's representation. See Ex parte Perry, Tex.Cr.App., 455 S.W.2d 214, and Ex parte Love, Tex.Cr.App., 468 S.W.2d 836. Cf. Perry v. Beto, D.C., 331 F.Supp. 431. In Ex parte Perry, supra, we held that Edwards representation was not ineffective where the petitioner entered a guilty plea prior to counsel's appointment, was familiar with court procedures and did, in fact, voluntarily and intelligently enter a plea of guilty. Cf. Perry v. Beto, 331 F.Supp. 431. However, in Ex parte Love, supra, another case involving a guilty plea, this Court granted the writ and concluded that Edwards did not provide adequate representation due to his physical and mental impairments. In that case, petitioner Love pleaded guilty to a charge he was innocent of and of which another person, also represented by Edwards, was guilty.

3. Petitioner testified that he was not represented by counsel at the time that he pled guilty to three (3) burglary indictments on June 15, 1952, and it appears that *all three (3)* of these prior convictions were used for enhancement in this case. Another prior conviction for burglary occurring on February 2, 1956 was also alleged, but petitioner *was* represented by counsel at that trial.

do so in the case at bar. In fact, during the writ hearing conducted in Ex parte Love, supra, District Attorney Charles A. Allen testified, in substance, that Edwards would not have been competent to represent any defendant where a "not guilty" plea to a jury would have been entered, especially in a serious case.[4]

Secondly, the petitioner's testimony is substantially corroborated by that of Christine Price, the court reporter. Inasmuch as petitioner entered a plea of "not guilty" in this case and Price's testimony reflected that Edwards never prepared for trial or even became involved in the legal proceedings, we must conclude that this corroboration testimony as to "common practice" [5] is sufficient to sustain this petitioner's burden of proof. Cf. Ex parte Young, supra.

■ Thirdly, we have the trial court's recommendation that the writ be granted.[6]

■ It is apparent that there is substantial corroboration to support the trial court's finding that, in the case at bar, the appointment of Edwards as counsel for a defendant who entered a plea of not guilty, to a jury, in a prosecution involving the Habitual Criminal Act, deprived this petitioner of the opportunity to be represented by "the effective assistance of counsel" guaranteed by the Sixth Amendment. We agree that petitioner's trial must have been a "mere sham and mockery," therefore requiring the conviction to be vacated. See Ex parte Smith, Tex.Cr.App., 463 S.W.2d 185; Ex parte Larkin, Tex.Cr.App., 420 S.W.2d 958; Williams v. Beto, 354 F.2d 698 (5th Cir.); the dissenting opinion in Ex parte Black, Tex.Cr.App., 457 S.W.2d 919, and Black v. Beto, D.C., 327 F.Supp. 1405.

The writ of habeas corpus is granted and the judgment of conviction is set aside. Petitioner is ordered released from the Texas Department of Corrections, to be delivered to the sheriff of Harrison County to answer to the indictment in Cause No. 19,385 pending against him in this case.

---

4. See Statement of Facts in Ex parte Love, supra. However, compare to Ex parte Perry, supra.

5. This Court has long accepted, in habeas corpus proceedings, the practice of allowing the State to refute a petitioner's claim by showing what a normal and common scheme of practice was for a particular defense attorney, or a trial judge, in cases where a particular "method of operation" was challenged. Thus, evidence showing *poor* "common practice" is also admissible and relevant in this petitioner's case.

6. Of course, this Court is not bound by the trial court's recommendation. See Ex parte Bazemore, Tex.Cr.App., 430 S.W.2d 205, Ex parte Mitchell, Tex.Cr. App., 462 S.W.2d 28; Ex parte Young, supra.