**Ex parte Joe Eddie FARLEY.**

No. 46441.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Rehearing Denied Oct. 31, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. Appellant was convicted in Dallas County on September 3, 1968, for the offense of burglary. Two prior convictions were alleged and one was used for enhancement under Article 62, Vernon's Ann.P.C. His punishment was assessed at twelve years.

Two hearings have been held on his applications for habeas corpus. He contends that he did not know and was not advised of his right to appeal.

At the hearing, the Honorable Paul W. Leech, the attorney for appellant at the original trial, testified that he had tried some 2,000 cases and that it was his common practice to advise his clients of their right to appeal, but he could not state that he told appellant of his right to appeal. He could not remember an instance in which he did not advise a convicted client of his right to appeal, even a driving while intoxicated case. He was almost sure that he advised Farley not to appeal because he could have been convicted as an habitual criminal had the case been reversed. He related that this was the first case that he had tried where he was able to keep out a prior conviction because of an error in the prison packet.

On the day of the trial the appellant wrote the trial court a letter which, in part, reads as follows:

"... Wouldn't it be enough for me to get a new trial or maybe put my case on appeal and maybe get cut loose sir I don't know a great deal about law plus I am not trying to be smart, I am asking you to have mercy on me and please consider giving me a lower sentence, * * * you said you was going to call me down there Friday. Sir it in your power to give me 4 or 5 years, I will never cause the law no more trouble. I thank you very much for giving me the chance as I bring this letter to a close I pray to God that you will have mercy enough on me to give me a lower sentence. Thank you all the way much sir. Joe E. Farley."

This shows that he knew of his right to appeal. There are sufficient circumstances

to show that on advice of counsel he did not perfect his appeal when he was sentenced December 19, 1968.

In Ex parte Young, Tex.Cr.App., 479 S. W.2d 45, petitioner's application conflicted with his testimony at the habeas corpus hearing on his knowledge of the right to appeal. Young made inquiry about his right to appeal at the trial on the merits. Relief was denied. See also Ex parte Stauts, Tex.Cr.App., 482 S.W.2d 638.

The applicant's claim that he did not know of his right to appeal is not supported by the record. He was represented by experienced counsel whose common practice was to advise his convicted clients of their right to appeal. The record supports the findings of the hearing court.

The relief sought is denied.