Jimmy Eugene PRINCE, Appellant,

v.

T.he STATE of Texas, Appellee.

No. 46421.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of attempted robbery by assault. Punishment was assessed by a jury at ten years.

In light of our disposition of this case, a statement of the facts is not necessary.

Appellant contends he was denied effective assistance of counsel in violation of Article 26.04, Vernon's Ann.C.C.P., and Amendments VI and XIV of the United States Constitution.

Appellant and one Richard Sapp were jointly indicted and tried. Although Attorney Tim Banner was retained by both appellant and Sapp some time prior to trial, Attorney Melvyn Bruder was appointed on the day of trial to represent appellant. Immediately prior to trial, appellant and his newly appointed attorney moved to sever upon an assertion of inconsistent defenses. The court had appointed Bruder out of an abundance of caution to protect against any problems which might arise from continued representation of both appellant and Sapp by one attorney, presenting inconsistent defenses. Such a cautionary measure by the court could be effective only if Bruder were to assume rsponsibility for the defense of appellant and Banner for Sapp. The record reveals that this is precisely what occurred, and although Banner's name remained on the

record as attorney for appellant, he clearly did not participate in his defense.

■ We commend the trial court for taking the cautionary measure of appointing separate counsel for appellant when the possibility of inconsistent defenses first became apparent,[1] and we recognize that such a cautionary practice can achieve its purpose only where, as here, counsel separately pursue the defenses of their respective clients. However, a reversal of the judgment in this case is required because appellant's counsel was appointed on the day of trial and the record fails to show a waiver of the ten day time period provided by Article 26.04, V.A.C.C.P., to prepare for trial. Crothers v. State, Tex.Cr.App., 480 S.W.2d 642; Farmer v. State, Tex.Cr. App., 419 S.W.2d 382.

Although the state urges that appellant was represented by Banner as well as Bruder, that Banner was counsel for appellant long before trial, and that therefore Article 26.04 *supra,* does not apply, it is clear from the record that Bruder alone conducted the defense of this appellant, and that Banner presented the defense of Sapp only. Cf. Ex parte Barnes, Tex.Cr.App., 478 S.W.2d 547. Henry v. State, Tex.Cr. App., 433 S.W.2d 430, does not control the instant case because the defendant there had the assistance of both attorneys, and not just of the appointed attorney.

Because of our disposition on this ground, we do not reach the other grounds of error raised.

The judgment is reversed and the cause remanded.

MORRISON, Judge (concurring).

I joined in the reversal of this conviction.

The effect of the holding of this Court in Houston v. State, Tex.Cr.App., 490 S. W.2d 851, appears to be that whenever a court appoints an attorney he must also secure a waiver of the ten days to prepare for trial provided by Art. 26.04, V.A.C.C. P., or not put an accused to trial. The failure to comply with Art. 26.04, supra, may be raised for the first time on appeal. Steward v. State, Tex.Cr.App., 422 S.W.2d 733, cited in Houston v. State, supra.

DOUGLAS, Judge (dissenting).

This cause is being reversed because the trial court appointed additional counsel "in an abundance of concern and caution." Banner, who was retained counsel for both Sapp and Prince, on the day of the trial, stated that he thought the defenses of the two were inconsistent. The statement of Mr. Banner to the court at the time of the appointment shows that their defenses were not inconsistent, because he stated that Prince, the appellant, claimed alibi and Sapp did not.

When additional counsel was appointed, the court stated, "And, the court, however, considers Mr. Tim Banner to be the lead counsel in both cases and be the attorney of record, but in abundance of concern and caution, the court has appointed Mr. Mel Bruder, considers [him] a very able attorney, to help in the case of Jimmy Eugene Prince."

It appears from the record that appellant's chief concern was not to be tried jointly with Sapp. In Thompson v. State, Tex.Cr.App., 447 S.W.2d 920, this Court held:

"An accused's right to represent himself or select his own counsel cannot be mainipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."

Here, the trial judge was not informed of the position of the appellant or of his attorney until the trial date and the jury panel had been summoned.

1. See Morales v. State, Tex.Cr.App., 466 S.W.2d 293, concurring opinion on motion for rehearing at page 304.

The representation of both defendants in the joint trial violated no provision of law, nor did the trial judge's refusal to grant the desired severance constitute error. No statutory provision was violated because of the joint trial. No previous conviction against Sapp or Prince was offered in evidence. Contrary to the allegation that their defenses were conflicting, their proof shows that their defenses were consistent.

Appellant and Sapp both testified. Appellant testified that he was playing cards at another place at the time of the offense. Sapp testified that he was present at the scene of the robbery but was an innocent bystander. He specifically testified that appellant was not one of the robbers and that he did not known him. Although the State introduced evidence that Sapp and appellant were arrested together, both denied this and testified that they were arrested separately.

A study of the record reflects that the team of Banner and Bruder competently represented the interests of the appellant; in fact, the record shows that the team performed in behalf of both defendants.[1]

A single motion was made in behalf of Sapp and Prince for a continuance. One motion for the two was made for an instructed verdict. Objections to the court's charge were made jointly.

We should look at the entire record to see if there were conflicting defenses. The mere statement by retained counsel that the defenses were conflicting does not make them so. The allegation was rebutted by the same attorney in his following sentence that one claimed alibi and the other did not. No harm has been shown.

This case would be affirmed if the trial court had not appointed additional counsel to assist the attorney retained by appellant. The appointment of experienced and able counsel in addition to retained counsel should not be grounds for a reversal.

1. The records in this Court show that Banner and Bruder have represented defendants who were tried jointly in many cases. There were no conflicts between counsel in the present case.