**Ex parte Vivian Edward GREER.**

**No. 48064.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Joe Hughey, Marshall, for petitioner.

Vernon Solomon, Dist. Atty., Sam Baxter, Asst. Dist. Atty., Marshall, Jim D.

Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is a post-conviction habeas corpus proceeding in which the petitioner, Vivian E. Greer, challenges the legality of his confinement in the Texas Department of Corrections.

The record reflects that on October 9, 1961, petitioner plead guilty to nine charges of forgery and passing. All sentences on the offenses were assessed to run consecutively, for a total confinement of fifty-three years. Petitioner contends that he was denied effective assistance of counsel at his trial.

■ The court which heard petitioner's application found as fact that petitioner was represented by a court-appointed attorney, now deceased. The court found that this attorney was not an active practitioner; that he never appeared in court except by appointment on pleas of guilty; that he suffered brain damage in an automobile accident prior to petitioner's trial; that he failed to keep abreast of developments in the criminal law; and that he did not counsel with petitioner prior to the entry of petitioner's pleas. The court concluded that petitioner had been denied effective assistance of competent counsel and recommended that the writ be granted.

■ While we are not bound by the findings and conclusions of the court in such a situation, see Ex Parte Marez, 464 S.W.2d 866 (Tex.Cr.App.1971), those findings have adequate support in the record of this case. Additionally, the evidence in this case is almost exactly like that in Ex Parte Love, 468 S.W.2d 836 (Tex.Cr.App. 1971), the same witnesses having appeared and the State having stipulated the testimony of the court reporter.

If we are to be consistent, we must conclude, as did the Court in Ex Parte Love,

**296**

supra, that the petitioner's trial was a sham.

The writ of habeas corpus shall issue. The petitioner is ordered discharged from confinement under these convictions and returned to Harrison County to answer to the indictments pending against him.