**Ex parte Willie B. WILLIAMS.**

**No. 54509.**

Court of Criminal Appeals of Texas.

April 6, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is a post-conviction application for the writ of habeas corpus brought by an inmate in the Texas Department of Corrections pursuant to Article 11.07, V.A.C.C.P., and originally filed in the district court of Harrison County, 71st Judicial District of Texas.

Petitioner was convicted on pleas of guilty in that court in 1963 for rape in trial court Cause No. 19,756, and for robbery by assault in No. 19,758. In both cases the indigent petitioner was represented by court-appointed counsel. Punishment was assessed at ninety-nine years for rape, and fifty years for robbery. Petitioner's claim in his application for the writ of habeas corpus that his convictions were void and his subsequent confinement was illegal is based on his contention that in his trials he was deprived of due process since he was not afforded competent legal counsel to assist him in his defense.

The record of the hearing conducted by the trial court on the application reflects that in his 1963 trials, supra, petitioner was represented by the same court-appointed attorney of whom we wrote in *Ex parte Greer*, Tex.Cr.App., 505 S.W.2d 295, and in *Ex parte Love*, Tex.Cr.App., 468 S.W.2d 836, and the evidence concerning the lack of competency of said attorney was very similar at the instant hearing as is recited in our opinions in those cases. In the instant cause and based on the testimony of the district attorney who prosecuted in the 1963 trials, the court reporter who reported the proceedings of those trials, of petitioner who testified at the instant hearing, and of a letter from the Harrison County sheriff to the Board of Pardons and Paroles recommending clemency because of the inadequacy of the legal representation accorded petitioner, the trial judge who conducted the instant hearing made fact findings similar to those reflected in our opinions in *Greer* and *Love*, supra. Consistent with these findings, the court concluded as a matter of law:

"The court finds from the foregoing facts: The defendant, Willie B. Williams, did not have adequate counsel to represent and safeguard his rights; therefore, the convictions in Cause 19756 and 19758 should be reversed and a new trial granted."

What we stated in *Greer v. State*, supra, applies also to the evidence and the court's findings and conclusions in the instant proceeding:

"While we are not bound by the findings and conclusions of the court in such a situation, see *Ex Parte Marez*, 464 S.W.2d 866 (Tex.Cr.App.1971), those findings have adequate support in the record of this case. Additionally, the evidence in this case is almost exactly like that in *Ex Parte Love*, 468 S.W.2d 836 (Tex.Cr.App. 1971), the same witnesses having appeared and the State having stipulated the testimony of the court reporter.[1]

"If we are to be consistent, we must conclude as did the Court in *Ex Parte Love*, supra, that the petitioner's trial was a sham."

We find that the court's findings and conclusions are fully supported by the record, and that petitioner is entitled to the relief he seeks. Consequently, the writ is granted. Petitioner is ordered discharged from confinement under the convictions stated above, and returned to the custody of the sheriff of Harrison County, to answer to the indictments pending against him.

Opinion approved by the Court.

---

1. At the instant hearing, the court reporter testified in person as a witness for petitioner.