### Ex parte Ross BURT.

### No. 47429.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Melvyn Carson Bruder, Dallas (Court-appointed), Don L. Kraemer, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding in which the petitioner seeks relief from two convictions for the felony offense of driving while intoxicated. The first, occurring in 1966, resulted in a sentence of five years, probated. In the second conviction,

**110**

which occurred in 1972, petitioner was sentenced to three years' imprisonment. As a result of the later conviction, petitioner's probation was revoked and the earlier sentence reduced to three years, to be served concurrently with the sentence imposed in the 1972 conviction. Both offenses were charged as felonies on the basis of a charge of misdemeanor driving while intoxicated, to which petitioner plead guilty in 1964.

 Initially we must determine whether the question raised by this petition is moot, by reason of the fact that petitioner has been released from confinement in the Texas Department of Corrections.

In Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 29, 917 (1968), the Supreme Court of the United States, in dealing with a similar situation, held that the fact that the petitioner was no longer in custody did not render the case moot. The court observed that a criminal case is moot ". . . only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. New York, supra, at p. 57, 88 S.Ct. at p. 1900. The court then cited numerous examples of cases involving these collateral legal consequences, including, specifically, the imposition of heavier penalties in subsequent convictions.

We approve of this reasoning, and conclude that the issue is not moot.

 The petitioner alleges that the 1964 conviction, upon which the two subsequent felony convictions were based, is void because at that time he was indigent, was not represented by counsel, and had not waived his right to counsel. The evidence is contained in a stipulation to which counsel for both the State and petitioner agreed. The stipulation contains no statement which in any way contradicts petitioner's assertion that he was improperly convicted of the 1964 offense.

The trial court concluded, on the basis of this stipulation, that the petitioner's 1964 conviction was void, and that the two subsequent convictions, insofar as they depended on the 1964 conviction, were also void.

The conclusion of the trial judge was correct. See Baldwin v. State, 499 S.W.2d 7 (Tex.Civ.App.1973), citing Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967); Walker v. State, 486 S.W. 2d 330 (Tex.Cr.App.1972); Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972).

Although petitioner has been released, the writ is granted for the purpose of securing him against further legal consequences arising from the void conviction.

It is so ordered.