**Ex parte Walter H. JENTSCH.**

**No. 48557.**

Court of Criminal Appeals of Texas.

June 12, 1974.

Donald A. Smyth, Lake Jackson, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a post-conviction proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

The petitioner was convicted in Cause No. 11,760 in the 47th District Court of Potter County on February 1, 1963, for the offense of burglary. Punishment of imprisonment for six years was assessed. The imposition of sentence was suspended and the petitioner was placed on probation.

On May 25, 1964, the petitioner was convicted in the 30th District Court of Wichita County for the offense of robbery and sentenced to be imprisoned for nine years.

On November 17, 1964, the petitioner's probation was revoked in the 47th District Court of Potter County in Cause No. 11,760 and the sentence imposed was ordered to be served cumulatively to the sentence imposed in Cause No. 12,442 A in the 30th District Court of Wichita County.

On March 9, 1974, the Honorable E. E. Jordan, Judge of the 47th District Court entertained petitioner's application for writ of habeas corpus. Judge Jordan found that at the time probation was revoked the petitioner was unrepresented by counsel, was indigent, and did not waive his right to counsel.

An indigent defendant has a constitutional right to be represented by counsel at a revocation of probation hearing where substantial rights may be affected. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Ex parte Shivers, 501 S.W.2d 898 (Tex.Cr.App. 1973); Crawford v. State, 435 S.W.2d 148 (Tex.Cr.App.1968). Mempa v. Rhay has been held to be fully retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); and see Ex parte Shivers, supra; Crawford v. State, supra.

Since the indigent appellant was denied counsel at the hearing in which his probation was revoked and sentence was imposed, he is entitled to the relief which he seeks and the order revoking probation is set aside. When, according to the records of the Texas Department of Corrections, petitioner has completed serving all sentences other than this void six year term imposed in Cause No. 11,760 in the 47th District Court of Potter County he shall be released from confinement and it is so ordered. A copy of this opinion shall be forwarded to the Texas Department of Corrections.

Opinion approved by the Court.