**Ex parte Joe Wayne LANGSTON.**

**No. 48610.**

Court of Criminal Appeals of Texas.

June 19, 1974.

Richard A. Beacom, Jr., Greenville, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Petitioner was convicted on December 8, 1958, of the offense of forgery, but his five-year sentence was probated. On January 12, 1962, probation was revoked, and petitioner was committed to the Texas Department of Corrections, from which he was released on parole in 1963. In 1967, he was convicted in Dallas of the offense of murder with malice and sentenced to life imprisonment.

Petitioner now contends that he was not represented by counsel at the 1962 probation revocation. The State urges that the question is moot since petitioner is no longer confined under the 1958 conviction, and although it was stipulated that there was no evidence that petitioner was represented by counsel at the revocation proceeding, the trial court found that the writ should be denied based on mootness.

■ It is well established that one convicted of a crime and granted probation is entitled to the assistance of counsel at a proceeding brought to revoke that probation. See Ex Parte Bird, 457 S.W.2d 559 (Tex.Cr.App.1970) and Ex Parte Shivers, 501 S.W.2d 898 (Tex.Cr.App.1973) and cases there cited. The cases establishing this proposition have retroactive effect. See the opinion on appellant's motion for rehearing in Crawford v. State, 435 S.W. 2d 148, at 155 (Tex.Cr.App.1968).

■ We have also held that the cessation of confinement under a void conviction does not render moot a challenge to that conviction. See Ex Parte Burt, 499 S.W.2d 109 (Tex.Cr.App.1973). The fact that a new confinement has intervened, so that if the relief requested is granted an immediate release from confinement will not occur, does not render this matter moot. The United States Supreme Court has only recently observed that habeas corpus is a proper device by which to reduce the length of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ Under our holding in Ex Parte Burt, supra, the basis for determination of whether a challenge to a conviction is moot is whether collateral legal consequences will be imposed because of the conviction.

■ In the instant case, if the conviction remains on the petitioner's records, he will continue to be subject to the imposition of those collateral legal consequences which conviction of a felony normally entails. The petitioner's claim is not moot.

■ However, we are unable to deal with the merits of the petitioner's complaint, for the reason that the trial court, after finding that petitioner's contention was moot, made no further findings. There is no finding that petitioner was not, in fact, represented by counsel at the revocation proceeding; there is no finding regarding petitioner's indigency at the time of the probation revocation; and there is no finding on the issue of waiver.

In the absence of these findings, we must remand this action to the trial court in order that such findings can be made.

It is so ordered.