**Ex parte Joe Wayne LANGSTON.**

**No. 48610.**

Court of Criminal Appeals of Texas.

July 24, 1974.

Richard A. Beacon, Jr., Greenville, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION
ON RESUBMISSION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed by an inmate in the Texas Department of Corrections pursuant to Article 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted in the District Court of Hunt County on December 8, 1958, of the offense of forgery, but his five year sentence was probated. On January 12, 1962, the probation was revoked, and petitioner was committed to the Texas Department of Corrections, from which he was released on parole in 1963. In 1967, he was convicted in Dallas of the offense of murder with malice, and sentenced to life imprisonment.

Petitioner filed an application for writ of habeas corpus in the trial court alleging that the 1962 probation revocation case was void since at the time of that revocation hearing petitioner was without counsel, indigent, and did not waive counsel. A hearing was held on this application, and the habeas corpus record was forwarded to this Court, at which time the Court filed and set this case for submission in our Cause No. 48,610.

This Court, on original submission, held that petitioner's challenge to the validity of this probation revocation sentence was not moot. See Ex parte Langston, 510 S. W.2d 603 (Tex.Cr.App., delivered June 19, 1974). See also Ex parte Burt, 499 S.W.2d 109 (Tex.Cr.App.1973). However, at the time of the original submission, we were unable to rule on the merits of petitioner's claims since the trial court had not made findings of fact and conclusions of law at the time of the evidentiary hearing. For this reason, we remanded the case to the trial court for further findings.

On July 11, 1974, the trial court filed amended findings of fact and conclusions of law with this Court which were as follows:

"The trial court finds that petitioner did not waive his right to have an attorney present and that petitioner was indigent—not having sufficient funds to employ counsel—at the time of the probation revocation. The trial court also finds that the petitioner did not have an attorney present during the probation revocation nor was one appointed for him."

In reviewing the record before this Court, we are of the opinion that the trial court's findings are supported by the record, and that the petitioner is entitled to the relief he seeks. See Ex parte Shivers, 501 S.W.2d 898 (Tex.Cr.App.1973); Crawford v. State, 435 S.W.2d 148 (Tex. Cr.App.1968); Ex parte Bird, 457 S.W. 2d 559 (Tex.Cr.App.1970).

Although petitioner is no longer being confined under this Hunt County conviction due to his subsequent discharge of his sentence, the writ is granted for the purpose of securing him against further legal consequences arising from the void conviction. A copy of this opinion shall be delivered to the Texas Department of Corrections and to the Board of Pardons and Paroles.

It is so ordered.