**Ex parte Michael Eugene HARP.**

**No. 56408.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 1, 1978.

Before THOMAS G. DAVIS, DALLY and
W. C. DAVIS, JJ.

OPINION

DALLY, Judge.

We have here a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

■ The petitioner was convicted of felony theft in Cause No. 6239 in the 52nd District Court of Coryell County and granted probation on January 19, 1965. On April 12, 1965, petitioner's probation was revoked and he was sentenced to serve a 5 year prison term. No appeal was taken from the order revoking probation and the appellant has served that sentence. Because of the serious collateral consequences arising from a conviction for felony theft the doctrine of mootness does not prohibit this collateral attack. See *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977); *Ex parte Burt*, 499 S.W.2d 109 (Tex.Cr.App.1973); *Ex parte Jentsch*, 510 S.W.2d 320 (Tex.Cr.App.1974); *Ex parte Langston*, 510 S.W.2d 603 (Tex.Cr. App.1974).

The petitioner now alleges that his conviction is void and that it is not a final conviction because at the time of the revocation of probation hearing he was indigent, he did not have counsel, and he did not waive representation by counsel.

■ The trial court, after hearing evidence in this habeas corpus proceeding, concluded that the petitioner was indigent, he did not have counsel, and he did not waive counsel at the hearing when the court ordered the revocation of probation. Although there is some conflict in the evidence, the evidence supports the trial court's findings. The conviction in Cause No. 6239 in the 52nd District Court of Coryell County is not a valid final conviction.

■ The petitioner also alleges that this conviction has been used for the enhancement of punishment in Dallas County in a

cause for which he is now imprisoned. Although it appears that the Dallas County conviction cause has been appealed and affirmed and the record is available to this Court we refuse to determine whether that conviction is a valid conviction until that question now raised is properly presented in the convicting court under the provisions of Art. 11.07, V.A.C.C.P.

The relief requested is granted in part and denied in part.