# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00254-CR

**Patrick Jay Overman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 9193, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING

Patrick Jay Overman appeals his conviction for driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2002). Overman raises issues regarding the sufficiency of the evidence and the trial court's enhancement of the offense to felony DWI in light of Overman's previous DWI convictions. We will affirm the judgment

### FACTUAL AND PROCEDURAL BACKGROUND

Katherine Hanna, a Bastrop county justice of the peace, observed a car swerving in front of her on Highway 71. She called the Bastrop county sheriff's department to inform them of her observations and followed the car until it stopped on the side of county road 178. The front end of the car came to a stop in a ditch on the side of the road. After the car stopped, Judge Hanna observed a person get out of the car from the driver's seat. According to Judge Hanna, the same person returned to the car a moment later and sat in the driver's seat. Reserve Deputy Alan Stone and Deputy Todd Townsend arrived at the scene less than five minutes after the car stopped. When

the officers arrived, Overman was sitting behind the wheel of the car and the engine and lights were off. The arresting officers noticed the smell of alcohol on Overman's breath and that he had difficulty speaking, lacked physical coordination, and had bloodshot eyes. Deputy Stone testified that Overman had a very unsteady walk and had to be supported by the officers, had slurred speech, seemed unable to comprehend the deputies' questions, and failed to respond to their request for his identification. Overman was arrested and taken to the county jail.

Overman was indicted for felony driving while intoxicated. After a bench trial, Overman was convicted and sentenced to ten years' probation, fined $1500, and ordered to attend alcohol counseling at a DWI intervention program. Overman raises issues concerning the sufficiency of the evidence regarding the elements of the offense for which he was convicted. He also challenges the use of two prior DWI convictions to enhance the present conviction to a third-degree felony.

**DISCUSSION**

*Legal Sufficiency of the Evidence: Intoxication*

Overman first challenges the legal sufficiency of the evidence regarding his intoxication. To determine the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." Tex. Pen Code Ann. § 49.04(a) (West Supp. 2002). "Intoxicated" is defined as "(A) not having the normal use of mental or physical faculties by reason of the introduction of

2

alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2)(A), (B) (West Supp. 2002).

The indictment alleged that Overman "was intoxicated by not having the normal use of his mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, and a dangerous drug into his body." Overman argues that, given the wording of the statute, the indictment could only be read to charge Overman with driving while intoxicated by a combination of intoxicants and that as the State introduced evidence of intoxication by alcohol alone, the evidence was legally insufficient to support a conviction for driving while intoxicated as alleged. The State responds that the indictment conjunctively alleged alternative means of intoxication and that the evidence was sufficient as to one of those means.

The purposes of an indictment are to vest the trial court with jurisdiction over the felony offense and to notify the defendant that he has been charged with a crime so that he may prepare a defense. *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995). It is well-settled that when a statute provides that an offense may be committed by alternative means, the State may charge those alternatives in the same indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Rogers v. State*, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989). Moreover, while those means may be alleged in the conjunctive, a conviction on any one of the alleged means will be upheld if it is supported by the evidence. *Rogers*, 774 S.W.2d at 251) (noting that "it is not objectionable for the State to plead alternative theories of culpability conjunctively, while authorizing conviction if any one or more of such theories is sufficiently proven at trial"); *see also Kitchens*, 823 S.W.2d at 258.

3

The indictment alleged that Overman was intoxicated "by reason of the introduction of alcohol, a controlled substance, a drug, and a dangerous drug into his body." This is nothing more than conjunctive allegation of four of the six statutory means of intoxication within the terms of section 49.01(2)(A). Overman argues that the indictment alleged, in essence, a combination of intoxicants, which is a separate type of intoxicant under the statutory definition of "intoxicated." *See* Tex. Pen. Code Ann. § 49.01(2)(A) (West Supp. 2002). The indictment, however, does not include the term "combination"; rather, the indictment tracks the statutory language as to the first four alternative methods of intoxication and effectively charged four separate means by which Overman may allegedly have been intoxicated. Thus, to uphold Overman's conviction, there need only be legally sufficient evidence to support one of the means. The record contains legally sufficient evidence to support intoxication by alcohol.

The arresting officers, Deputies Stone and Townsend, both testified that they noted the smell of alcohol on Overman's breath when they arrested him and that he lacked physical coordination, had trouble speaking, and that his eyes were bloodshot. A third witness, Peter Stone, who is a deputy sheriff but on the night of the offense was riding with his son Deputy Stone as a civilian rider, testified that Overman appeared intoxicated. Peter Stone specifically testified that Overman was unable to stand up without aid and that his speech was "incoherent." Deputy Stone testified on cross-examination that Overman refused to perform a field sobriety test at the scene. A fourth witness, Sergeant Joel Wade of the Bastrop county sheriff's department, testified that he observed Overman at the jail. According to Sergeant Wade, Overman emitted a strong odor of alcohol and was unable to maintain his balance. Sergeant Wade testified that he requested that

Overman sit in a chair because he was concerned with the possibility of Overman falling and injuring himself. When questioned on cross-examination as to why the officers failed to administer field sobriety tests to Overman at the jail, Sergeant Wade testified that he decided against such tests because Overman's physical condition posed too great of a risk of injury in attempting to perform them. Based on all of this evidence, a rational trier of fact could have found that Overman was intoxicated beyond a reasonable doubt. Therefore, we overrule Overman's first issue on appeal.

### *Factual Sufficiency of the Evidence: Intoxication*

Overman raises the same argument regarding the factual sufficiency of the evidence of intoxication as he did under his legal sufficiency argument. As a court of appeals, we are constitutionally empowered to review the judgments of the trial court to determine the factual sufficiency of the evidence used to establish the elements of an offense. *Johnson*, 23 S.W.3d at 6. A factual sufficiency review of the elements of a criminal offense asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* at 11. We may find the evidence factually insufficient only when the record clearly indicates that the judgment is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). An appellate court may not reverse a judgment simply because it disagrees with the result. *Id.*

As discussed in detail above, there is evidence in the record that Overman was intoxicated by reason of alcohol; Overman fails to identify any controverting evidence. Overman has

5

failed to meet his burden of demonstrating that the judgment was clearly wrong and manifestly unjust. We hold that the evidence of intoxication is factually sufficient and accordingly overrule Overman's second issue.

### *Legal Sufficiency of the Evidence: Operation of a Motor Vehicle*

Overman next challenges the sufficiency of the evidence to support the court's finding that he was operating his car while intoxicated.[1] Overman argues that being found sitting in the driver's seat of his car with the engine and lights turned off while the car was stopped on the side of the road, combined with the fact that Judge Hanna was unable to positively identify Overman as the driver of the swerving car she had observed, establishes the legal insufficiency of the evidence to support the finding that he was operating a motor vehicle. We disagree.

In the instant case, there is evidence upon which a rational trier of fact could find beyond a reasonable doubt that Overman operated a motor vehicle while intoxicated. Judge Hanna observed Overman's car swerve and come to a stop on the side of the road. She then observed the driver, who was the sole occupant of the car, get out of the car from the driver's seat; a moment later,

---

[1] Overman does not specify whether he is challenging the legal or factual sufficiency of the evidence regarding this element. He does not mention the factual sufficiency standard of review nor does he cite any factual sufficiency cases regarding this point on appeal. In his prayer for relief, Overman asks only for a reversal and judgment of acquittal, which is the relief sought under a legal sufficiency issue. Furthermore, by making a global sufficiency of the evidence challenge, only a legal sufficiency point has been raised on appeal. *Chaloupka v. State*, 20 S.W.3d 172, 173 (Tex. App.—Texarkana 2000, pet. ref'd); *accord Markey v. State*, 996 S.W.2d 226, 229 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Davila v. State*, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref'd); *Martinets v. State*, 884 S.W.2d 185, 188-89 (Tex. App.—Austin 1994, no pet.). However, in the interest of justice, we will evaluate the evidence under both standards. *See King v. State*, 961 S.W.2d 691, 693 (Tex. App.—Austin 1998, pet. ref'd).

6

she watched the same person return to the driver's seat of the car. There were no other people or buildings in the vicinity. No one else entered or exited the car prior to the arrival of the arresting officer a few minutes later. Judge Hanna testified that the person sitting in the driver's seat of Overman's car when the arresting officer arrived was the same person she saw operate the car. The arresting officer identified Overman as the person he found sitting in the driver's seat of the car, which was registered in Overman's name.

The fact that Judge Hanna could not specifically identify Overman as the *driver* does not make the evidence insufficient. The Twelfth Court of Appeals has rejected an argument quite similar to that made by Overman in the instant case. *See Wright v. State*, 932 S.W.2d 572, 575 (Tex. App.—Tyler 1995, no pet.). In *Wright*, the witness observed a vehicle moving recklessly down a road but did not identify the defendant as the driver of the car at trial. *Id*. at 573-74. The witness did testify that there was only one person in the car and only one person got out of the car. *Id*. at 574. The arresting officer did not observe the defendant operate the car but did identify the defendant as the person who got out of the car. *Id*. at 574. The court stated that "although [the eyewitness] did not specifically identify [the defendant] as the person whom he had seen driving through his neighborhood, we hold that any rational trier of fact could have found beyond a reasonable doubt that [the defendant] drove or operated the motor vehicle." *Id*. at 575. We find the court's reasoning persuasive in the instant case.

The fact that Overman was sitting in the driver's seat of the car, which was registered in his name, lends further support to the conclusion that the evidence is legally sufficient to support Overman's conviction. *See Pope v. State*, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.)

7

(noting that combination of facts, including that defendant was found in driver's seat of car and that car was registered in defendant's name, supported conclusion of legal sufficiency). Therefore, a reasonable trier of fact could find that Overman operated a motor vehicle while intoxicated beyond a reasonable doubt. *See Johnson*, 23 S.W.3d at 7.

The *Hanson* case cited by Overman does not support a finding of legal insufficiency in the instant case. *See Hanson v. State*, 781 S.W.2d 445 (Tex. App.—Fort Worth 1989), *pet. granted and appeal abated*, 790 S.W.2d 646 (Tex. Crim. App. 1990) (abating appeal due to death of appellant). In *Hanson*, the only evidence establishing that the defendant operated a motor vehicle while intoxicated, other than an uncorroborated extra-judicial confession, was that the defendant was found intoxicated and standing next to an unidentified wrecked vehicle near a city street. *Id.* at 446. The State failed to introduce any evidence that the defendant drove or even owned the car. *Id.* at 447. The court in *Hanson* held the evidence insufficient to support the defendant's conviction. *Id.* The evidence in the instant case establishing that Overman drove a motor vehicle while intoxicated is significantly greater than the evidence in *Hanson*. *See Turner v. State*, 877 S.W.2d 513, 516 (Tex. App.—Fort Worth 1994, no pet.) (emphasizing insufficiency of evidence in *Hanson*).

### *Factual Sufficiency of the Evidence: Operation of a Motor Vehicle*

As discussed above, there is evidence in the record supporting the finding that Overman operated a vehicle. Overman fails to identify any evidence contrary to the judgment. Overman has failed to meet his burden of demonstrating that the judgment was clearly wrong and manifestly unjust. *See Johnson*, 23 S.W.3d at 11. We, therefore, hold that the evidence is factually

8

sufficient to establish that Overman was operating a vehicle. Having held the evidence both legally and factually sufficient, we overrule his fourth issue.

### *Motion for New Trial*

Overman also challenges the use of his prior DWI convictions to enhance the instant conviction to a third-degree felony. *See* Tex. Pen. Code Ann. §§ 49.04(b), 49.09(b)(2) (West Supp. 2002). Overman argues that a 1989 conviction used to enhance the instant conviction is constitutionally infirm and thus void. He further argues that a 1996 conviction is void because it relies on the supposedly void 1989 conviction. As his argument regarding the 1996 conviction is predicated on the allegedly infirm 1989 conviction, we will discuss the earlier conviction first.

To collaterally attack a prior conviction, the burden is on the party making the charge to show its invalidity in the record and to preserve the issue for appeal. *Alvear v. State*, 25 S.W.3d 241, 244 (Tex. App.—San Antonio 2000, no pet.). To meet this burden, the defendant must prove the invalidity of the conviction by a preponderance of the evidence. *Id.* At trial, Overman did not object to the submission of evidence regarding his two prior DWI convictions; in fact, he stipulated to them. After trial, he raised the issue for the first time in a motion for new trial. The failure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior conviction. *See Hill v. State*, 633 S.W.2d 520, 525 (Tex. Crim. App. 1981); *see also Ex parte Reed*, 610 S.W.2d 495, 497 (Tex. Crim. App. 1981) (holding that where there was no objection to the introduction of prior convictions, the petitioner waived any right to collaterally attack conviction); *James v. State*, 997 S.W.2d 898, 901

9

(Tex. App.—Beaumont 1999, no pet.) (holding that where counsel failed to object to admission of two prior DWI convictions, error was not preserved for appellate review).[2]

The policy reasons for requiring a defendant to raise such objections at trial are clear. To allow a collateral attack on a conviction based on a defect in a prior conviction when an objection could have been raised at trial serves "not justice, but mere perseverance." *Hill*, 633 S.W.2d at 524-25. We find *Hill* controlling here, as Overman not only failed to object but also stipulated to the 1989 conviction when it was introduced at trial. To allow Overman to stipulate to the admission of his prior conviction at trial and then seek a new trial based on its alleged infirmity would permit defendants to engage in the very "sandbagging" which concerned the court of criminal appeals in *Hill*. *See id*. at 525. If a defendant were able to preserve error by raising the issue in a motion for new trial, he would have no incentive to raise issues regarding prior convictions before the trial court prior to judgment. Instead, a defendant could allow the convictions to be introduced and then, if convicted, seek a new trial. *Id*. We hold that Overman failed to preserve error regarding the validity of the 1989 conviction.[3]

---

[2] However, a different case is presented where the charging instrument used in the prior conviction is defective. *Ex Parte White*, 659 S.W.2d 434, 435 (Tex. Crim. App. 1983) (holding that where the indictment used in the enhancement conviction was void, the trial court never acquired jurisdiction and therefore the defendant could attack the prior conviction for the first time on appeal). We are not presented with such a situation here.

[3] The State did not raise Overman's failure to preserve error in its brief. The State's failure to do so does not prevent this court from raising the issue sua sponte. *Hughes v. State*, 878 S.W.2d 142, 151 (Tex. Crim. App. 1992) (noting that preservation of error is a "systemic requirement" that appellate courts have an obligation to observe); *Webb v. State*, 899 S.W.2d 814, 817 (Tex. App.—Waco 1995, pet. ref'd) (holding that a point on appeal was not preserved for review despite State's failure to raise preservation issue); *White v. State*, 784 S.W.2d 453, 454-55 (Tex. App.—Tyler 1989, pet. ref'd) (stating that the court can hold error unpreserved even where preservation not raised by the State because the "court has an inherent right to address and resolve

However, even if the motion for new trial preserved error, the trial court's decision to allow the motion to be overruled by operation of law was not error. The standard of review for the denial of a motion for new trial is abuse of discretion. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Overman's motion for new trial collaterally attacked the prior convictions used for enhancement purposes in the instant case but failed to assert any grounds under article 40.001 of the Code of Criminal Procedure or Rule of Appellate Procedure 21.3 upon which the court could have granted a new trial. *See* Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 2002) (providing for a new trial based on newly discovered evidence); Tex. R. App. P. 21.3 (providing mandatory grounds on which a motion for new trial must be granted).

Moreover, Overman failed to provide evidence regarding the alleged infirmity of the conviction. Overman attacks the conviction on the grounds that he was indigent, unrepresented by counsel, and did not knowingly waive his right to counsel. The judgment of conviction, however, contradicts these assertions, and states that Overman, "after being warned, knowingly and intelligently waived his right to counsel." "[T]he formal judgment of the trial court carries with it a presumption of regularity and truthfulness, and such is never to be lightly set aside." *Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1984). The only evidence supporting Overman's alleged indigency and unknowing waiver of counsel is Overman's own affidavit, which contains conclusory statements as to his assertions. Overman's naked testimony regarding the waiver is insufficient to overcome the presumption of regularity of the records before the court. *Disheroon v. State*, 687

---

a point of error by resorting to any principle of law or rationale applicable under the facts and circumstances of the case"); *see also* 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice & Procedure* § 42.24 (2d ed. 2001).

11

S.W.2d 332, 334 (Tex. Crim. App. 1985) (requiring an appellant to show that he was without counsel by some evidentiary vehicle other than simply his own testimony); *Swanson v. State*, 722 S.W.2d 158, 164 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) (noting that "[b]ald assertions by a defendant that he was without . . . counsel at his prior convictions are not sufficient to overcome the presumption of regularity").

Overman's reliance on *Ex parte Burt* is misplaced as it is readily distinguishable. *See* 499 S.W.2d 109 (Tex. Crim. App. 1973). In *Burt*, both the state and the petitioner made an agreed stipulation stating that Burt was indigent and unrepresented by counsel, and that he had not waived his right to counsel in the proceedings leading to conviction. *Id.* at 110. There is no indication in the court's opinion that there was any contrary evidence in the record, such as the judgment of conviction, which forms part of the record in the instant case. Moreover, here there was no agreed stipulation as in *Burt*. Therefore, *Burt* is inapplicable to the facts of this case.

Overman also challenges the prior conviction on the ground that he was not admonished as to the future consequences of his guilty plea. The failure to admonish Overman as to the consequences of his guilty plea, even if true, does not provide any basis for invalidating the 1989 DWI conviction. The admonishment requirement of article 26.13 of the Code of Criminal Procedure applies only to *felony* pleas of guilty or nolo contendere. *State v. Jimenez*, 987 S.W.2d 886, 889 (Tex. Crim. App. 1999); *Alvear*, 25 S.W.3d at 246. Because Overman pleaded guilty to a misdemeanor charge, the failure to admonish him does not invalidate his conviction. For all of the above reasons, we hold that Overman has not shown that the trial court abused its discretion in overruling the motion for new trial. Therefore, we overrule Overman's third issue on appeal.

## CONCLUSION

The evidence in this case is sufficient to support Overman's conviction. Furthermore, we hold that Overman's collateral attack on his prior DWI conviction was not preserved, and in any event, fails for lack of evidentiary support. We also hold that the trial court did not abuse its discretion in overruling the motion for new trial. Having overruled all of Overman's issues, we affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   March 14, 2002

Do Not Publish

13