IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-11,012-08,


WR-11,012-09, AND WR-11,012-10





EX PARTE DONALD ROBERT MARR, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS 13,660-C, 13,661-C, AND 13,662-C

IN THE 211TH DISTRICT COURT DENTON COUNTY 



 



 Per curiam.



O R D E R



 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). In 1974, Applicant pled guilty to burglary of a habitation and two charges of
indecency with a child. He was sentenced to three concurrent terms of five years in prison. 
There was no direct appeal and these sentences have been discharged. However, Applicant
is currently incarcerated in prison on other convictions, and he states that these 1974
convictions were used for purposes of enhancement. See Ex parte Langston, 510 S.W.2d
603, 604 (Tex. Crim. App. 1974) (habeas corpus is a proper device by which to reduce the
length of confinement).

 In these applications for writs of habeas corpus, Applicant contends, inter alia, that
his pleas in 1974 were involuntary, that his counsel was ineffective, and that his sentences
were illegal. Applicant asserts that he had been previously judicially determined to be insane
and incompetent in 1964 and that his competency had never been restored.

 The State has not provided a response to these claims, and the trial court has not
entered findings of fact and conclusions of law. It is this Court's opinion that additional
information is needed before this Court can render a decision on these grounds for review,
including information and any relevant documentation concerning whether Applicant was
determined to be insane or incompetent prior to his pleas entered in 1974, whether
Applicant's competency was restored if such a determination was made, and whether these
1974 convictions were subsequently used to enhance Applicant's punishment in other causes.

 Because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits, depositions, interrogatories, or hold a hearing. In
the appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding these issues. Further, because this Court does not hear
evidence, Ex parte Rodriguez, 334 S.W.2d at 294, these applications for post-conviction
writs of habeas corpus will be held in abeyance pending the trial court's compliance with this
order. Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. (2)




FILED: March 1, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.