IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. WR-55,217-03, WR-55,217-04,

WR-55,217-05, AND WR-55,217-06





EX PARTE JESSE ARZOLA, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS 1997CR3704-W1, 1997CR5560-W1,

1997CR5308-W1, AND 1996CR5314W-W1 IN THE

227TH JUDICIAL DISTRICT COURT BEXAR COUNTY 



 



 Per curiam.



O R D E R



 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). 
Applicant pled guilty to several charges of unauthorized use of a motor vehicle, and the trial
court sentenced him to concurrent terms of sixteen months in a state jail facility. There were
no direct appeals, and these sentences have discharged. 

 Applicant argues, however, that he is suffering collateral consequences as a result of
the convictions, i.e., that the convictions have been used to enhance the punishment of a
federal sentence. Indeed, a review of federal court records shows that Applicant was
convicted on September 6, 2002, in the United States District Court for the Western District
of Texas, San Antonio Division, of conspiracy to distribute marijuana. He was sentenced to
140 months' imprisonment to be followed by supervised release for five years. The State has
not contested Applicant's allegation of collateral consequences, and these applications are
properly presented for this Court's consideration. See Ex parte Langston, 510 S.W.2d 603,
604 (Tex. Crim. App. 1974).

 In these applications for writs of habeas corpus, Applicant contends that his trial
counsel provided ineffective assistance. The trial court has entered findings of fact and
conclusions of law recommending that relief be denied based, at least in part, on an affidavit
provided by trial counsel. Counsel's affidavit, however, has not been included in the records
provided to this Court. Therefore, the trial court's findings and recommendation remain
unsupported by the record. The trial court is ordered to supplement the record to this Court
with a copy of trial counsel's affidavit.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. A supplemental transcript containing
the affidavit shall be returned to this Court within 30 days of the date of this order. (1)




FILED: MAY 17, 2006

DO NOT PUBLISH


 
1. [1] Any extensions of this time period shall be obtained from this Court.