

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00203-CR

**EX PARTE** Armando **RAMOS**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6442-W1
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: November 30, 2022

AFFIRMED

Appellant Armando Ramos unsuccessfully sought post-conviction habeas relief from a conviction of one count of driving while intoxicated, a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04(b); TEX. CODE CRIM. PROC. ANN. art. 11.09. In one issue, Ramos contends that the habeas court abused its discretion because the underlying conviction violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We affirm.

## I. BACKGROUND

On April 4, 1990, a state district court sitting in Cameron County, Texas convicted Ramos on one felony count of aggravated sexual assault of a child. Ramos served part of his sentence for that conviction by confinement, but on September 26, 2012, he was paroled.

On April 26, 2017, Ramos allegedly committed an intoxication assault in Bexar County, Texas. TEX. PENAL CODE ANN. § 49.07(a)(1). The allegations underlying the alleged intoxication assault prompted Ramos's parole officer to initiate a parole revocation proceeding. On December 7, 2017, Ramos's parole was revoked, and he was remanded back to confinement. Approximately six months later, a Bexar County grand jury indicted Ramos on one count of intoxication assault. On September 20, 2019, Ramos entered into a plea bargain agreement with the State. Under the agreement, Ramos pleaded guilty to the lesser offense of driving while intoxicated, a Class B misdemeanor, and the State recommended a sentence of one-hundred-eighty days' confinement in jail, which he had already served. The trial court signed a judgment of conviction and sentence in accordance with the terms of the plea bargain (hereinafter "the DWI judgment"). Ramos attempted to appeal from the DWI judgment, but we dismissed his appeal because the trial court had not certified his right to appeal under Texas Rule of Appellate Procedure 25.2. *See Ramos v. State*, No. 04-19-00709-CR, 2020 WL 354777, at *1 (Tex. App.—San Antonio Jan. 22, 2020, no pet.) (per curiam) (mem. op., not designated for publication).

After we issued our opinion, Ramos applied to the Texas Court of Criminal Appeals for habeas relief from the DWI judgment under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a *felony judgment* imposing a penalty other than death.") (emphasis added). The court of criminal appeals dismissed Ramos's habeas application.

Thereafter, Ramos returned to the court that signed the DWI judgment, and he sought habeas relief from it. In the habeas court, Ramos contended that the sentence imposed by the DWI judgment and the revocation of his parole constituted a double jeopardy violation. The habeas

court considered Ramos's request for relief under article 11.09 of the Texas Code of Criminal Procedure, and it denied the relief Ramos sought. Ramos now appeals the habeas judge's ruling.

## II. DISCUSSION

### A. Jurisdiction

In *Ex parte Rurt*, 499 S.W.2d 109, 110 (Tex. Crim. App. 1973), a habeas applicant challenged an initial misdemeanor driving while intoxicated conviction that was used to enhance two subsequent driving while intoxicated charges into felonies. The court observed that it "must determine whether the question raised by this petition is moot, by reason of the fact that petitioner has been released from confinement." *Id*. The Texas Court of Criminal Appeals then held that the habeas application was not moot because "the imposition of heavier penalties in subsequent convictions" was a collateral legal consequence. *Id*.

Though it did not mention *Rurt*, the court reaffirmed its collateral legal consequences rule in *Ex parte Schmidt*, 109 S.W.3d 480, 482 (Tex. Crim. App. 2003), an opinion that the dissent cites. In *Schmidt*, the habeas applicant challenged two prior driving while intoxicated convictions, arguing that he was "under continuing restraint for jurisdictional purposes because the State has sought enhanced punishment in a state-jail felony prosecution based on those convictions." *Id*. at 481. As the dissent would do here, the Fourteenth Court of Appeals dismissed the habeas application for want of jurisdiction. *Id*. The Texas Court of Criminal Appeals recited the lower court's holding as:

> A plain reading of article 11.09 suggests that one must be "confined on a charge of misdemeanor" before an application for habeas corpus relief may be made. Thus, just as with 11.07, an application for habeas corpus relief will not lie under article 11.09 unless the applicant is "confined" pursuant to a commitment for a misdemeanor conviction. *Ex parte Oyedo*, 939 S.W.2d 785, 786 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

*Ex parte Schmidt*, 109 S.W.3d at 482 (footnote omitted). The Texas Court of Criminal Appeals went on to "hold that the Fourteenth Court of Appeals' interpretation of Article 11.09 in this appellant's cases, and in *Ex parte Oyedo*, 939 S.W.2d 785 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd), is incorrect." *Ex parte Schmidt*, 109 S.W.3d at 483–84.

At least one of our sister courts has recognized and applied *Schmidt* in a case where a habeas applicant challenged a single prior conviction for driving while intoxicated that was being used to enhance a subsequent driving while intoxicated charge. *See Ex parte Reyna*, 435 S.W.3d 276, 278 (Tex. App.—Waco 2014, no pet.) (recognizing that the court of criminal appeals "has held that a county court has jurisdiction to entertain a request for habeas relief like [the applicant's] when the applicant is not currently confined.") (citing *Schmidt*, 109 S.W.3d at 481; *Ex parte Ali* 368 S.W.3d 827, 831–32 (Tex. App.—Austin 2012, pet. ref'd) (discussing collateral legal consequences resulting from prior conviction); *Ex parte Rodriguez*, No. 14–10–00529–CR, 2011 WL 61858, at *2 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet.) (mem. op., not designated for publication) ("Collateral consequences related to a conviction, such as the use of the conviction to enhance punishment in other cases, may also constitute confinement.")); *see also Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993) ("A judgment of conviction for a misdemeanor offense may have detrimental collateral consequences whether or not probation is completed without a hitch or jail time is actually served. If a misdemeanor judgment is void, and its existence *may* have detrimental collateral consequences in some future proceeding, it may be collaterally attacked, whether or not a term of probation was successfully served out.") (emphasis added).

The dissent would hold that "[b]ecause Ramos has failed to carry his burden of showing how he is confined, restrained, or subject to collateral legal consequences, the trial court did not have jurisdiction to consider his habeas application." *Ex parte Ramos*, No. 04-21-00203-CR, slip op. at 3 (Tex. App.—San Antonio Nov. 30, 2022, no pet. h.) (dissenting mem. op., not designated

for publication). The State has not raised any jurisdictional concerns, and we do not share the dissent's implicit determination that the DWI judgment does not subject Ramos to collateral legal consequences. Under *Rurt*, *Schmidt*, and their progeny, Ramos's habeas application is not jurisdictionally infirm. Therefore, we find that the habeas court had jurisdiction to entertain Ramos's application for habeas relief.

## B.    Double Jeopardy

The merits of Ramos's appeal are reviewed under a well-recognized standard of review. An appellate court reviewing a habeas judge's ruling in an article 11.09 application for writ of habeas corpus must view the evidence in the record in the light most favorable to the judge's ruling and must uphold that ruling absent an abuse of discretion. *Diamond v. State*, 613 S.W.3d 536, 544 (Tex. Crim. App. 2020). An appellate court affords almost total deference to a habeas court's factual findings when they are supported by the record, especially when those findings are based on credibility and demeanor. *Id.* This degree of deference also applies to any implied findings and conclusions supported by the record. *Id.* However, if the resolution of the ultimate question turns only on the application of legal standards, the appellate court reviews those determinations *de novo*. *Id.* The reviewing court will uphold the habeas court's ruling if it is correct under any theory of applicable law. *Id.* at 544–45.

Ramos's sole issue on appeal is that the habeas court erred in denying him relief because the sentence imposed in the DWI judgment and the revocation of his parole constitute two punishments for the same conduct, in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1] The State contends that Ramos's double jeopardy

---

[1] We note that Ramos has submitted multiple "briefs" to this court. However, Ramos is represented by counsel, and a defendant in a criminal matter, represented by counsel, is not entitled to a hybrid representation. *See Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (stating because habeas applicant was represented by

claim is meritless, and it references our opinion in *Ex parte Peralta*, 87 S.W.3d 642, 646 (Tex. App.—San Antonio 2002, no pet.) to support its position.  We agree with the State.

In *Peralta*, a parolee was charged with misdemeanor assault, which caused a parole revocation proceeding to be initiated.  *Id*. at 644.  The hearing officer who administered the parole revocation proceeding found, among other things, that the complainant in the assault case refused to testify and concluded that there was insufficient evidence to establish that the parolee violated a condition of his parole by allegedly engaging in the assault.  *Id*. at 644–45.  The parolee then sought pre-trial habeas relief from the pending assault charge on the grounds that prosecution was barred by collateral estoppel and double jeopardy.  *Id*. at 645–48.  In analyzing the collateral estoppel issue, we wrote:

> Generally, under federal law, a parole revocation hearing is not a stage of criminal prosecution.  The Fifth Circuit has held that double jeopardy does not apply to parole and probation revocation proceedings because such proceedings are not designed to punish a criminal for the violation of a criminal law, but to determine whether a parolee or probationer has violated the conditions of his parole and probation.  With these principles in mind, the Fifth Circuit specifically held that collateral estoppel did not preclude the State of Texas from prosecuting a defendant for involuntary manslaughter where the evidence to support the defendant's bond revocation was found to be insufficient.  The Fifth Circuit reasoned that bond revocation proceedings are not designed to obtain a conviction for an offense.  All Texas courts of appeals which have addressed the issue before this court have held that collateral estoppel does not bar a subsequent criminal prosecution for an offense that was the basis of a parole revocation.

*Id*. at 646 (citations omitted).  Ultimately, we overruled the applicant's double jeopardy issue for the same reasons why we overruled his collateral estoppel issue.  *Id*. at 648; *see also Trevino v. State*, No. 03-96-00607-CR, 1997 WL 805125, at *1 (Tex. App.—Austin Jan. 8, 1997, pet. ref'd) (not designated for publication) ("It has long been held by Texas courts and other courts that it is not unconstitutional for a defendant to be tried and convicted of a criminal offense when the same

---

counsel and not entitled to hybrid representation, court would disregard and take no action on the "numerous" submissions he filed *pro se*).  Accordingly, we will address only the arguments raised by Ramos's counsel.

conduct has been used to administratively impose disciplinary measures or to revoke probation or parole.").

In this case, unlike in *Peralta*, Ramos's parole was revoked. However, this distinction should not preclude us from applying the rule that a parole revocation hearing is not a stage of criminal prosecution. *See Peralta*, 87 S.W.3d at 646. Accordingly, Ramos has not been subjected to multiple sentences for the same conduct and his double jeopardy claim fails. Therefore, we overrule Ramos's sole issue.

### III. CONCLUSION

We affirm the habeas court's order denying Ramos's application for habeas relief.

Rebeca C. Martinez, Chief Justice

Do Not Publish